UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:21-cr-00088-PB |
| | ) | |
| COREY DONOVAN | ) | |

<u>United States' Objection to Defendant's Request to Introduce Hearsay Statements</u>

I.   <u>Introduction</u>

On March 26, 2021, After ATF agents seized a gun from defendant Corey Donovan's Jeep. On March 31, 2021, the defendant's girlfriend, Kelley Finnigan, called ATF. She spoke to Special Agent Martin. According to the report:

> Ms. Finnigan advised S/A Martin that her property was seized and she want[ed] t know how to have the item returned.
>
> S/A Martin asked Ms. Finnigan if she could provide any details about the item or items or about the seizure. Ms. Finnigan asked S/A Martin to hold on. After several seconds, Ms. Finnigan said the item was a .20 gauge shotgun. Ms. Finnigan also said she may be looking for an Officer John. S/A Martin asked if Ms. Finnigan could provide the manufacturer information or any other details. Again, Ms. Finnigan paused again for several seconds. Ms. Finnigan then said she would have to look at the paperwork.
>
> S/A Martin advised Ms. Finnigan that he would pass the information on to the case agent and ended the telephone call.

II.   <u>The Court should bar the defendant from introducing Finnigan's hearsay statement</u>

Defendant seeks to have Finnigan's hearsay statement – claiming that the gun was hers – admitted under Federal Rule of Evidence Rule 804(b)(3) as a statement against interest. A defendant seeking to admit hearsay under Rule 804(b)(3) must show that the declarant is unavailable, that the statement (a) was self-inculpatory when made because it would "expose the witness to…criminal liability," and (b) it "is supported by corroborating circumstances that clearly indicate its trustworthiness."

Finnigan's statement was not against her self-inculpatory. A self-inculpatory statement is one that "a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it…had *so great a tendency*…to expose the declarant to…criminal liability." Fed. R. Evid. 804(b)(3) (emphasis added). For purposes of Rule 804(b)(3), a statement is self-inculpatory under the rule if it is "sufficiently against the declarant's penal interest that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." *United States v. Barone*, 114 F.3d 1284, 1295 (1st Cir. 1997) (internal quotation marks omitted).

In a strikingly similar case, *United States v. Lozado*, 776 F.3d 1119 (10th Cir. 2015) a defendant sought to introduce a hearsay statement that another person claimed ownership of ammunition that the defendant was charged with possessing. The declarant was a drug user, but was not otherwise prohibited from possessing ammunition, and there was no evidence that the declarant had actual knowledge that it was unlawful for an unlawful drug user to possess ammunition. The court noted that "if proof establishes the declarant's actual state of mind as to whether the statement is against penal interest, courts should consider that in determining whether the hearsay statement is admissible. *Id.* at 1130. If, as is typically the case, there is no evidence of the declarant's actual state of mind, courts should "consider whether a reasonable person in the declarant's position would believe the statement is against [her] interest." *Id.* (internal quotation marks omitted).

In *Lozado*, there was no evidence that the declarant knew it was unlawful for a drug user to possess ammunition. Turning to the reasonable person standard, the court found that the defendant failed to demonstrate that a reasonable person in the declarant's position would know that federal law prohibits a drug user from possessing ammunition. *Id.* at 1131.

Like *Lozado*, there is no evidence that Finnigan had actual knowledge that possession of that firearm was unlawful. Finnigan is not legally prohibited from possessing firearms and has never been convicted of a felony or a qualifying misdemeanor crime of domestic violence. There is no evidence at this time that either Donovan or Finnigan knew that the firearm was stolen until after Donovan's arrest in April of 2021. As such, a reasonable person in Finnigan's position would not believe that claiming ownership of the gun was against her self-interest. Because her statement was not "sufficiently" against her penal interest such "that a reasonable person" in her "position would not have made the statement unless believing it to be true," the court should exclude the statement. *Barone*, 114 F.3d at 1295.

Second, the statement is not clearly supported by corroborating circumstances. Rule 804(b)(3) states that "corroborating circumstances [must] *clearly* indicate" the trustworthiness of the statement. Fed. R. Evid. 804(b)(3) (emphasis added). This requires "meaningful corroboration of the hearsay testimony." *United States v. Taylor*, 848 F.3d 476, 486 (1st Cir. 2017) (internal quotation marks omitted). This does not require independent evidence supporting the truth of the statement but rather, "evidence that clearly indicates that the statements were worthy of belief, based upon the circumstances in which the statements were made." *Id.* at 486-87 (quoting *United States v. Pelletier*, 666 F.3d 1, 8 (1st Cir. 2011)). A statement "may be corroborated by the circumstances in which the statement was made if it is directly against the declarant's penal interest, made to a close associate or family member, or there is no indication that the speaker had motive to lie." *Id.* at 487 (internal quotation marks omitted).

Here, three circumstances counsel against the trustworthiness of the statement: (1) the close relationship between Finnigan and the defendant; (2) the contextual wording and conversation itself; and (3) Finnigan's inconsistent descriptions of the firearm over time. First,

3

Finnigan is the defendant's live-in girlfriend. "A close relationship between the declarant and the defendant can damage the trustworthiness of a statement." *Lozado*, 776 F.3d at 1133. Next, the context of the statement itself undermines her credibility and the reliability of her statement. Finnigan had a significant pause before being able to identify the gauge of the gun and was unable to identify the make or model of the firearm. Her lack of knowledge of the firearm indicates that the statement is not trustworthy. Similarly, her inconsistent descriptions of the gun over time undermine the truthfulness of the statement. During the call, Finnigan identified the firearm as a "20-gauge." Yet in a call with the defendant last month, she identified it as a "12-gauge shotgun."

III. <u>Conclusion</u>

The defendant cannot establish that her hearsay statement was self-inculpatory when made or that the statement is supported by corroborating circumstances. The Court should deny the defendant's request to introduce her hearsay statement.

Respectfully submitted,

JOHN J. FARLEY
Acting United States Attorney

Date: October 14, 2021    By:    /s/ Anna Krasinski

/s/ Charles Rombeau
Anna Krasinski
Charles Rombeau
Assistant U.S. Attorneys
53 Pleasant Street, 4th Floor
Concord, NH 03301
(603) 225-1552