**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


**United States of America**

      **v.**                                                        Case No. 21-cr-88-1-PB

**Corey Donovan**


**JURY INSTRUCTIONS**


**INTRODUCTION**

At this stage of the trial, it is my duty to instruct you on the principles of law that you must apply in deciding this case.  It is your duty to follow these instructions during your deliberations.  You should not single out any one instruction but instead apply these instructions as a whole to the evidence in this case.


**JURY SOLE JUDGES OF FACT**

You are the sole and exclusive judges of the facts.  You must weigh the evidence that has been presented impartially, without bias, without prejudice, and without sympathy.  You must determine what the facts are, what the truth is, based upon the evidence presented in the case.  You will decide the case by applying the law as I give it to you in these instructions to the facts as you find them to be from the evidence.  It is your duty to apply the law exactly as I give it to you.  You must not

1

be influenced by any personal likes or dislikes, prejudices or
sympathy.  That means that you must decide the case solely on
the evidence before you and according to the law.

You must not infer from these instructions, or from
anything I may have said or done during the course of trial,
that I have any opinion as to what verdict you should return -
that is a matter entirely for you to decide.

## CREDIBILITY OF WITNESSES

In determining what the facts are and what the truth is,
you must necessarily assess the credibility of each witness and
determine what weight you will give to each witness's testimony.
By credibility I mean the believability or the truthfulness of a
witness.

You should carefully scrutinize all the testimony given,
the circumstances under which each witness has testified, and
every matter in evidence which tends to show whether a witness
is worthy of belief or not worthy of belief.  In making that
determination, you may consider a number of factors, including:
(1) the witness's ability to see, or hear, or know the things
the witness testified about; (2) the quality of the witness's
memory; (3) the witness's manner while testifying; (4) whether
the witness has an interest in the outcome of the case or any
motive, bias, or prejudice; (5) whether the witness's testimony

2

was either supported or contradicted by other evidence in the case; and (6) how reasonable the witness's testimony was when considered in the light of other evidence which you believe.

After assessing the credibility of each witness, you will assign to the testimony of each witness, both under direct and cross-examination, such weight as you deem proper.  You are not required to believe the testimony of a witness simply because that witness was under oath.  You may believe or disbelieve all or part of the testimony of any witness.  It is within your province to determine what testimony is worthy of belief and what testimony may not be worthy of belief.

## A.   CREDIBILITY OF LAW ENFORCEMENT OFFICERS

You should consider the testimony of a law enforcement officer in the same way as the testimony of any other witness in the case.  In evaluating the credibility of a law enforcement officer, you should use the same tests that you applied to the testimony of any other witness.  In no event should you give the testimony of a law enforcement officer any more credibility, or any less credibility, simply because that witness is a law enforcement officer.

3

**B.   PRIOR INCONSISTENT STATEMENTS**

The testimony of a witness may be discredited or, as we sometimes say, "impeached," by showing that the witness previously made statements that are different than, or inconsistent with, his or her testimony here in court. You must decide what weight, if any, should be given to the testimony of a witness who has made prior inconsistent or contradictory statements.  In making that determination you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency and whether that explanation appealed to your common sense.

If a person is shown to have knowingly testified falsely about any important matter, you obviously have a right to distrust the testimony of that person concerning other matters. You may reject all of the testimony of that witness or give it such weight as you may think it deserves.

## WEIGHT OF THE EVIDENCE

The weight of the evidence is not necessarily determined by the number of witnesses testifying on either side.  You will consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of belief.  You may

4

find that the testimony of a small number of witnesses on a particular issue is more credible than the testimony of a greater number of witnesses on the other side of the same issue. It is not the number of witnesses or the quantity of testimony that is important, but the quality of the evidence that has been produced that is important.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that given to any other party in litigation. By the same token, the government is entitled to no less consideration.  All parties, whether the government or individuals, stand as equals at the bar of justice.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may properly use in deciding whether the defendant is guilty or not guilty.

Direct evidence is the testimony given by a witness about what that witness has seen, heard, or observed, or what that witness knows based on personal knowledge.  Direct evidence also includes any exhibits that have been admitted into evidence and any stipulations that have been agreed to by the lawyers.

During the course of the trial, you were told that the government and the defendant agreed, or "stipulated," to certain

facts.  That simply means that both sides accept those facts to
be true.  Because there is no disagreement regarding those
facts, there was no need for either side to introduce evidence
relating to them.  You should accept as true the facts to which
the government and the defendant have stipulated, and you may
give those facts such weight as you deem proper.

      Circumstantial Evidence is indirect evidence that is
introduced to establish a fact by implication.  In other words,
by examining direct evidence you may be able to draw certain
inferences, by reason and common sense, that another fact
exists, even though that other fact has not been proven
directly.  Such reasonable inferences constitute circumstantial
evidence.

      The law makes no distinction between the weight to be given
to either direct or circumstantial evidence.  It is up to you to
decide how to weigh the evidence in this case.

## WHAT IS EVIDENCE

      The evidence in this case consists of: (1) the sworn
testimony of the witnesses, both on direct and cross-
examination, regardless of who may have called those witnesses;
(2) the exhibits that have been received into evidence,

regardless of who may have produced them; and (3) any facts to which the lawyers have agreed or stipulated.

## WHAT IS NOT EVIDENCE

Certain things are not evidence and you cannot consider them as evidence:

1.   Arguments, statements, and questions by the lawyers are not evidence.  Questions asked by the lawyers and what the lawyers have said in their opening statements, closing arguments, and at other times during the trial are intended to help you interpret the evidence, but they are not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory controls.

2.   Objections by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper under the rules of evidence.  I must rule on those objections and I have not intended to indicate in any way by my rulings or by what I have said what the verdict should be in this case. You should not be influenced by the lawyers' objections or by my rulings on those objections.

3.   Testimony that has been excluded or stricken, or that I have instructed you to disregard, is not evidence and must not be considered in any way in your deliberations.

4.   The indictment is not evidence.  This case, like most criminal cases, began with an indictment.  You will have that indictment before you during the course of your deliberations. That indictment was returned by a grand jury, which heard only the government's side of the case.  The fact that this defendant has been indicted by a grand jury is not evidence of his guilt. The indictment is simply an accusation.  Therefore, you must not consider the indictment in this case as any evidence of the guilt of this defendant, nor should you draw any inference from the fact that an indictment has been returned against him.  The indictment is the means by which the government's allegations and charges are brought before this court.  You must decide whether the defendant is guilty or not guilty of those charges, and the indictment is not evidence.

5.   Anything you may have seen or heard outside of this courtroom when the court was not in session is not evidence. You must decide the case solely on the evidence received at trial.

## PRESUMPTION OF INNOCENCE

A defendant, although accused, begins a trial with a clean slate - with no evidence against him.  The law permits nothing but the admissible evidence presented before you to be considered in support of the charges against him.

The law presumes every defendant to be innocent until proven guilty beyond a reasonable doubt.  The burden of proof rests entirely on the government.  A defendant does not have to prove his innocence.  A defendant enters the courtroom and is presumed to be innocent unless and until the government convinces you, beyond a reasonable doubt, that he is guilty of every essential element of one or more of the offenses charged in the indictment.  That presumption means that you are to regard the defendant in this case as innocent unless the government proves, beyond a reasonable doubt, that he is guilty.

The presumption of innocence alone is sufficient to acquit the defendant unless you are satisfied beyond a reasonable doubt, after a careful and impartial consideration of all of the evidence in the case, that he is guilty of one or more of the crimes charged in the indictment.

## GOVERNMENT'S BURDEN OF PROOF - BEYOND A REASONABLE DOUBT

The burden is always on the government to prove guilt beyond a reasonable doubt.  The burden of proof never shifts to

the defendant to demonstrate his innocence.  The law does not impose upon a defendant in a criminal case the obligation to call any witnesses or produce any evidence.

If, after careful and impartial consideration of all of the evidence in this case, you have a reasonable doubt as to whether the defendant is guilty of a crime charged in the indictment, you must find him not guilty on that charge.

The defendant has pleaded not guilty to the charge in the indictment.  That plea puts in issue all of the essential elements of the offense as described in these instructions and imposes on the government the burden of establishing each of those elements by proof beyond a reasonable doubt.

The jury must never find a defendant guilty based on mere suspicion, conjecture, or guess.  Likewise, the jury must never find a defendant guilty because it thinks he "might" be guilty or that he is "probably" guilty.  Before you may return a verdict of guilty as to any crime charged in the indictment, you must unanimously conclude, beyond a reasonable doubt, that the defendant committed each of the essential elements of that offense.

## DATE OF OFFENSE – ON OR ABOUT

You will see that the indictment charges that the offense at issue was committed "on or about" certain dates.  The

evidence need not establish with certainty the exact date of an
alleged offense.  It is sufficient if the evidence establishes,
beyond a reasonable doubt, that the offense charged was
committed on dates reasonably near the dates alleged; that is,
dates reasonably close in time to the dates on which the offense
is alleged to have occurred.

**THE NATURE OF THE OFFENSE CHARGED**

**Possession of a Firearm/Ammunition by a Prohibited Person**

**A.   THE INDICTMENT**

The indictment alleges that "On or about March 26, 2021, in
the District of New Hampshire, the defendant, Corey Donovan,
knowing that he had been convicted of a crime punishable by
imprisonment for a term exceeding one year, did knowingly
possess in and affecting interstate commerce, the following
firearm and ammunition:  a Mossberg, Model 500, 20 gauge
shotgun, bearing serial number V1051663; four rounds of Brenneke
20 gauge shotgun ammunition; seventy-one rounds of Federal 20
gauge shotgun ammunition; forty-eight rounds of Federal 28 gauge
shotgun ammunition; eight rounds of Huntego 20 gauge shotgun
ammunition; four rounds of Remington 12 gauge shotgun
ammunition; all in violation of Title 18, United States Code,
Section 922(g)(1)."  It is a crime under federal law for a

convicted felon to knowingly possess a firearm that was
connected with interstate commerce.

**B.    ESSENTIAL ELEMENTS**

To carry its burden of proof with regard to the crime
charged in count one of the indictment, the government must
prove each of the following essential elements beyond a
reasonable doubt:

**First,**   that the defendant has been convicted in any court of
a crime punishable by imprisonment for a term
exceeding one year.  The parties have stipulated that
on November 4, 2007, the defendant was convicted of a
crime punishable by imprisonment for more than a
year;

**Second,**  that the defendant knew that his conviction was
punishable by a term of imprisonment for more than a
year prior.  The parties have stipulated that from
November 4, 2007 until the present, including during
March of 2021, the defendant knew that his prior
conviction was punishable by imprisonment for more
than a year;

**Third,**   on or about the date alleged in the indictment, the defendant knowingly possessed the firearm described in the indictment or any of the ammunition described in the indictment; and

**Fourth,**   that the firearm or ammunition the defendant knowingly possessed was connected with interstate or foreign commerce.  The parties have stipulated that the firearm and ammunition described in the indictment were connected with interstate or foreign commerce.

## C.   DEFINITIONS

"**Knowingly.**"  The defendant acted "knowingly" if he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.  Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind.  In determining what defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by defendant and all other facts and circumstances received in evidence that may aid in your determination of defendant's knowledge or intent.  You may infer, but you

certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.  The government does not have to prove that the defendant knew that his conduct was illegal.

"**Possess.**"  In the context of this case, the term possess means to exercise authority, dominion, or control over a firearm or ammunition.  It is not necessarily the same as legal ownership.  The law recognizes different kinds of possession. Possession includes both actual and constructive possession.  A person who has direct physical control of a firearm or ammunition on or around his person is then in actual possession of the firearm or ammunition.  A person who is not in actual possession but who has both the power and the intention at a given time of exercising dominion or control over a firearm or ammunition, directly or through others, is in constructive possession of the firearm or ammunition.  Constructive possession may be inferred from circumstances such as the defendant's control over the area where the firearm or ammunition is found.  Although constructive possession may be proved either through direct or circumstantial evidence, mere presence or association with another who possessed the firearm

or ammunition is insufficient to establish constructive possession.  Whenever I use the term possession in these instructions, I mean both actual and constructive possession.

Possession also includes both sole and joint possession. If one person alone has actual or constructive possession, possession is sole.  If two or more persons share actual or constructive possession, possession is joint.  Whenever I use the word possession in these instructions, I mean joint as well as sole possession.

The indictment alleges that the defendant possessed a firearm and multiple rounds of ammunition.  The government is not required to prove that the defendant possessed the firearm and each round of ammunition identified in the indictment.  You may find that the government has met its burden on possession if you find that the defendant knowingly possessed the firearm or any of the rounds of ammunition charged in the indictment.


**"Firearm"**  The term "firearm" means any weapon which will, or is designed, or may readily be converted to expel a projectile by the action of an explosive.  The parties have agreed or "stipulated" that the firearm described in the indictment, meets the definition of "firearm."  Because there is no dispute about this element, you may accept it as true.

"**Ammunition**"   The term ammunition means ammunition designed for use in a firearm.   The parties have stipulated that each round of ammunition described in the indictment meets the definition of ammunition.   Because there is no dispute about this element, you may accept it as true.

"**Interstate Commerce**"   To prove that the firearm and ammunition described in the indictment was "in or affecting commerce," the government must prove that, at any time after it was manufactured, that firearm or ammunition moved from one state to another.   The parties have agreed or "stipulated" that the firearm and all of the ammunition described in the indictment traveled in interstate or foreign commerce prior to March 26, 2021.   Because there is no dispute about this element, you may accept it as true.

**CONCLUSION**

The principles of law set forth in these instructions are intended to guide you in reaching a fair and just result in this case, which is important to all of the parties.   You are to exercise your judgment and common sense, without prejudice and without sympathy, but with honesty and understanding.   You should be conscientious in your determination of a just result in this case because that is your highest duty as officers of

this court.  Remember also that the question before you can
never be: "Will the government win or lose the case?"  The
government always wins when justice is done, regardless of
whether the jury's verdict is "guilty" or "not guilty."  Your
duty is to see that justice is done.

When you have considered and weighed all of the evidence,
you must make one of the following findings with respect to the
crime charged in the indictment:

1.  If you have a reasonable doubt as to whether the
government has proved any one or more of the essential elements
of the crime charged, you must find the defendant not guilty
with regard to that crime.

2.  If you find that the government has proved, beyond a
reasonable doubt, all of the essential elements of the crime
charged, you may find the defendant guilty with regard to that
crime.

## A.   PUNISHMENT - IRRELEVANT

In reaching an impartial verdict in this case, you must not
speculate as to what punishment the law provides for the crimes
with which the defendant is charged.  The punishment provided by
law for the offenses charged in the indictment is exclusively my
responsibility; you should not consider it nor should it affect
or color your deliberations in any way.

**B.   SELECTION OF FOREPERSON**

When you retire, you should elect one member of the jury as
your foreperson.  That individual will act very much like the
chairperson of a committee, seeing to it that the deliberations
are conducted in an orderly fashion and that each juror has a
full and fair opportunity to express his or her views,
positions, and arguments on the evidence and on the law.

**C.   VERDICT MUST BE UNANIMOUS**

The verdict with regard to each offense charged in the
indictment must represent the considered judgment of each juror.
In order to return a verdict, each juror must agree to it.  Your
verdict as to each count in the indictment, regardless of
whether it is "guilty" or "not guilty," must be unanimous.

**D.   DELIBERATIONS**

It is your duty as jurors to consult with one another and
to deliberate with a view toward reaching an agreement if you
can do so without violence to individual judgment.  Each of you
must decide the case for yourself, but do so only after an
impartial consideration of the evidence in the case with your
fellow jurors.  In the course of your deliberations, do not
hesitate to re-examine your own views and to change your opinion

if you become convinced it is erroneous.  But do not surrender
your honest conviction as to the weight or effect of the
evidence solely based upon the opinion of your fellow jurors or
merely for the purpose of returning a verdict.  Remember, you
are not partisans.  You are judges - judges of the facts.  Your
sole interest is to seek the truth from the evidence in the
case.

If, during your deliberations, it becomes necessary to
communicate with me, you may do so only in writing, signed by
the foreperson or by one or more members of the jury.  Give that
note to the court security officer and he or she will bring it
to my attention.  I will then respond as promptly as possible,
either in writing or by meeting with you in the courtroom.  I
will always first show the attorneys your question and my
response before I answer your question.  No member of the jury
should ever attempt to communicate with me except by a signed
writing, and I will communicate with you on anything concerning
the case either in writing or orally in the courtroom.

Remember that you are not to tell anyone, including me, how
the jury stands, numerically or otherwise, on the matters you
are deciding, until after you have reached a unanimous verdict
or have been discharged.  In other words, if the jury is split,
say 8 to 4 on some issue, the existence of that split or the

number on one side or the other must not be disclosed to anyone, including me.

If we recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial.  In particular, do not discuss the case with anyone other than your fellow jurors in the jury room, with everyone present.

At the risk of being repetitive, let me again say that nothing said in these instructions is intended to suggest in any way what your verdict should be.  The verdict is exclusively your duty and responsibility.

After you have reached a verdict, your foreperson will fill in the verdict form that has been given to you, sign and date it, and notify the court security officer.  You will then be returned to the courtroom.